# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-92 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Anuar Brito-Arroyo (1), | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

James S. Becker, Assistant Federal Defender, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Government's Motion for Discovery (ECF No. 22);

2. Defendant's Motion for Pretrial Disclosure of 404 Evidence, (ECF No. 40);

3. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 41);

4. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 42);

5. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance (ECF No. 43);

6. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview (ECF No. 44);

1

7. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 45); and

8. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 46).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery (ECF No. 22) is **GRANTED**. The motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. At the hearing, Defendant had no objection to the motion. Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure.

2. Defendant's Motion for Pretrial Disclosure of 404 Evidence, (ECF No. 40), is **GRANTED** as follows: Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." The Government indicates it is aware of its obligations under Rule 404. (Gov't Resp. at 1, ECF No. 49). At the hearing, the parties agreed to a deadline of two weeks before trial for Rule 404(b) disclosures.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful

conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

3. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 41), is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks evidence favorable to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Specifically, Defendant requests: (1) any statements of any witnesses exculpating the defendant; (2) any statements of witnesses that contradict statements of other witnesses; (3) any reports of interviews relating to requests 1 and 2; (4) any prior convictions of prospective government witnesses; (5) any offers or promises made to prospective government witnesses to induce their cooperation against the defendant whether or not the government intends to call those persons as witnesses; (6) any photographs used by government agents in their investigation to identify defendant; and (7) pieces of identification bearing any of defendant's names in combinations different than

the indictment. The Government responds that it is aware of its obligations under *Brady*, *Giglio*, and their progeny, and that it has complied and will continue to comply fully with said obligations. (Gov't Resp., at 2).

The Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. To the extent Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

4. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 42), is **GRANTED** as follows: Defendant seeks discovery materials, including statements, the prior criminal record of Defendant, items material to the preparation of his defense, results or reports of physical or mental examinations, and written summaries of testimony. The Government noted that is has already complied with Rule 16 and is aware of its ongoing duty to disclose. (Gov't Resp. at 2). The Government shall fully comply with its obligations under Fed. R. Crim. P. 16 and Fed. R. Evid. 702–705 and it shall disclose these materials in a timely fashion. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

5. Defendant's Pretrial Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, (ECF No. 43), is **GRANTED** as follows: Defendant seeks disclosure from the Government of electronic surveillance and related documentation. In response, the Government indicates it has disclosed and will continue to disclose any and all electronic surveillance products and records concerning the investigation of the defendant. (Gov't Resp. at 2). Therefore, Defendant's motion is granted and the Government shall produce all electronic surveillance evidence in a timely fashion.

6. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview (ECF No. 44) is **GRANTED**. Defendant seeks the disclosure of "the identity of any informant or informants utilized by the government in the investigation of the above-entitled matter, and to make such informant(s) available for interview by defendant's attorneys, in preparation for trial, and to disclose the prior criminal convictions of such informants." In response, the Government has agreed to "disclose to the defense the identities of any informants the government used in connection with the investigation of the defendant" and to "cooperate with the defense in making them available for interview." (Gov't Resp. at 2). The Government requests that this disclosure be postponed until three weeks before trial. (Gov't Resp. at 2). At the hearing, Defendant indicated that he did not object to that request.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether

disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001). Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to her case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739.

In light of the Government's agreement, the Court orders that the Government "disclose to the defense the identities of any informants the government used in connection with the investigation of the defendant" and to "cooperate with the defense in making them

available for interview." The Government shall also disclose the prior criminal convictions of such informants. The Government shall make these disclosures no later than three weeks before trial. *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2-3 (D. Minn. July 6, 2018); *United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (finding that even seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants").

7. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 45), is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter, as well as preserving evidence seized in the course of their investigation. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence. (Gov't Resp., at 2). Therefore, the Government shall direct its agents involved in this case to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

8. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 46), is **DENIED** except as follows: Defendant seeks Jencks Act materials at least three days before trial. The Government objects to Court-ordered disclosure of Jencks Act materials, but agrees to reciprocal exchange of Jencks Act materials three days prior to trial. (Gov't Resp., at 4). "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir.

1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n. 2. Therefore, no later than three days before trial, the Court expects the parties to provide Jencks Act materials as agreed so as to prevent delays in trial.

9. All prior consistent orders remain in full force and effect.

10. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: May 28, 2019                  *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Brito-Arroyo*
Case No. 19-cr-92 (WMW/TNL)